# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL DENNENY<br>4900 Horseshoe Pike<br>Downington, PA 19335,<br><br>and<br><br>ROBERT THOMAS<br>6828 Torresdale Ave.<br>Philadelphia, PA 19135,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT TO FORECLOSE FEDERAL TAX LIENS

The United States of America complains and alleges against the Defendants as follows:

## NATURE OF THE ACTION

1.    This is a civil action brought by the United States of America to foreclose its tax liens against real property located at 4900 Horseshoe Pike, Downington, Pennsylvania, and to sell the real property, the proceeds of the sale to be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to Michael Denneny's interest to be paid to the United States and applied against Michael Denneny's tax liabilities.

## JURISDICTION AND VENUE

2. This action is commenced at the request of and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401 and 7403.

3. Jurisdiction over this action is conferred upon this Court by virtue of 28 U.S.C. §§ 1331, 1340, and 1345, as well as 26 U.S.C. § 7403.

4. Venue is proper in this district under 28 U.S.C. §§ 1396 and 1655 because the real property to be foreclosed (the "Real Property") is situated at 4900 Horseshoe Pike, Downington, Pennsylvania, within the judicial district of this Court.

## PARTIES

5. Plaintiff is the United States of America.

6. Upon information and belief, Defendant Michael Denneny last resided at 4900 Horseshoe Pike, Downington, Pennsylvania, within the jurisdiction of this Court.

7. Defendant Robert Thomas is joined as a defendant because he may claim an interest in the Real Property by virtue of his purchase of the Real Property at a tax upset sale on September 13, 2010.

## COUNT I:
## FORECLOSE THE FEDERAL TAX LIEN

8. In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury of the United States made the following assessments of federal income tax and

statutory additions to tax against Michael Denneny for the 2000 tax year:

| Date of Assessment | Assessment | Amount of Assessment |
|---|---|---|
| 12-03-2009 | Penalty for failure to prepay tax | $735.00 |
| 02-15-2010 | Tax | $13,657.00 |
| 02-15-2010 | Late filing penalty | $3,072.82 |
| 02-15-2010 | Late payment penalty | $3,414.25 |
| 02-15-2010 | Interest | $11,612.58 |
| 07-25-2011 | Lien fees and collection costs | $35.00 |

9. In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury of the United States made the following assessments of federal income tax and statutory additions to tax against Michael Denneny for the 2001 tax year:

| Date of Assessment | Assessment | Amount of Assessment |
|---|---|---|
| 02-20-2006 | Tax | $25,327.00 |
| 02-20-2006 | Penalty for failure to prepay tax | $844.00 |
| 02-20-2006 | Late filing penalty | $5,698.57 |
| 02-20-2006 | Late payment penalty | $5,951.84 |
| 02-20-2006 | Interest | $7,060.61 |
| 10-01-2007 | Late payment penalty | $379.91 |

| Date of Assessment | Assessment | Amount of Assessment |
|---|---|---|
| 06-08-2009 | Lien fees and collection costs | $35.00 |
| 06-17-2009 | Payment levy | $(1,675.95) |
|  | Payment levy | $(527.82) |
| 04-05-2010 | Prior tax abated | $(4,010.00) |
| 04-05-2010 | Reduced or removed late filing penalty | $(902.25) |
| 04-05-2010 | Reduced or removed late payment penalty | $(1,002.50) |

10. In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury of the United States made the following assessments of federal income tax and statutory additions to tax against Michael Denneny for the 2002 tax year:

| Date of Assessment | Assessment | Amount of Assessment |
|---|---|---|
| 02-20-2006 | Tax | $23,122.00 |
| 02-20-2006 | Penalty for failure to prepay tax | $642.00 |
| 02-20-2006 | Late filing penalty | $5,202.45 |
| 02-20-2006 | Late payment penalty | $4,046.35 |
| 02-20-2006 | Interest | $4,515.52 |
| 10-01-2007 | Late payment penalty | $1,734.15 |
| 04-05-2010 | Prior tax abated | $(3,900.00) |

| Date of Assessment | Assessment | Amount of Assessment |
|---|---|---|
| 04-05-2010 | Reduced or removed late filing penalty | $(877.50) |
| 04-05-2010 | Reduced or removed late payment penalty | $(975.00) |

11. In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury of the United States made the following assessments of federal income tax and statutory additions to tax against Michael Denneny for the 2003 tax year:

| Date of Assessment | Assessment | Amount of Assessment |
|---|---|---|
| 02-05-2007 | Tax | $11,202.00 |
| 02-05-2007 | Penalty for failure to prepay tax | $215.00 |
| 02-05-2007 | Late filing penalty | $2,520.45 |
| 02-05-2007 | Late payment penalty | $1,904.34 |
| 02-05-2007 | Interest | $2,640.34 |
| 09-29-2007 | Late payment penalty | $896.16 |
| 04-05-2010 | Prior tax abated | $(2,874.00) |
| 04-05-2010 | Reduced or removed late filing penalty | $(646.65) |
| 04-05-2010 | Reduced or removed late payment penalty | $(718.50) |

12. The aforementioned assessments were made correctly in accordance with law.

13. The Internal Revenue Service (the "Service") gave the Taxpayer notice and

5

demand for payment of the assessments in accordance with 26 U.S.C. § 6303.

14.     Despite the notices and demands for payment of the assessments described in paragraphs 8 through 11 above, Michael Denneny has failed to pay the full amount due and owing.

15.     By reason of the foregoing, Michael Denneny is indebted to the United States for federal income tax, penalties, and interest for the taxable years 2000, 2001, 2002, and 2003, in the amount of $149,299.59, as of February 27, 2012, plus penalties, interest, and statutory additions that have accrued and continue to accrue after that date.

16.     By reason of the assessments described in paragraph 8 above, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322, and said tax liens attached to all property and rights to property then owned or thereafter acquired by the Taxpayer, including the Real Property described below.

17.     By a deed recorded on January 20, 1995, the taxpayer, Michael Denneny, acquired title to the real property situated at 4900 Horseshoe Pike, Downington, Pennsylvania, (the "Real Property") in consideration of the sum of $114,000.00. The Real Property is more particularly described as follows:

> ALL THAT CERTAIN tract of land situated in the Township of Caln, County of Chester, Commonwealth of Pennsylvania, bounded and described according to a survey made August 22, 1966, by DeArmit and Hayes, Consulting Engineers and Surveyors, as follows:
>
> BEGINNING at a point on the centerline of Route #322 Horseshoe Pike (120 feet wide) a corner of land belonging to Samuel Yost; thence leaving said centerline and along the land belonging to Samuel Yost South; 1

degree East 279.14 feet to an iron pin a corner of the land remaining of the Grantor herein; thence along the same North 79 degrees 01 minute West, 100 feet to an iron pin a corner of land belonging to the Grantor herein; thence along the same North 1 degree West 279. 14 feet to a point on the aforesaid centerline of Route #322; thence along the same South 79 degrees 01 minute East 100 feet to the first mentioned point and place of beginning.

18. On May 22, 2009, the Service filed a Notice of Federal Tax Lien for the tax years 2001, 2002, and 2003, with the Prothonotary of Chester County in West Chester, Pennsylvania, in connection with the tax assessments made against the Taxpayer described in paragraphs 8 through 11 above.

19. On July 5, 2011, the Service filed a Notice of Federal Tax Lien for the tax year 2000 with the Prothonotary of Chester County in West Chester, Pennsylvania, in connection with the tax assessments made against the Taxpayer described in paragraphs 8 through 11 above.

20. Upon information and belief, the Taxpayer remained the owner of the Real Property until September 13, 2010.

21. By a deed recorded February 7, 2011, Robert Thomas acquired title to the Real Property, which he purchased at a tax upset sale on September 13, 2010, in consideration of the sum of $17,067.38.

22. When Robert Thomas acquired the Real Property, the Real Property was subject to the federal tax liens.

23. By reason of the foregoing, the United States has valid and subsisting tax liens that encumber the Real Property.

24. Pursuant to 26 U.S.C. § 7403, the tax liens should be foreclosed against the Real Property. The Real Property should be ordered sold, and the proceeds paid to the United States to be applied to the Taxpayer's unpaid federal tax liabilities.

25. Robert Thomas may claim an interest in the Real Property based on his purchase at a tax upset sale on September 13, 2010.

## RELIEF DEMANDED

WHEREFORE, the Plaintiff, the United States of America, prays that this Court:

A. Adjudge, determine, and decree that the United States has valid and subsisting tax liens on all property and rights belonging to the Taxpayer, including the Real Property described in paragraph 17, above, that is subject to this action;

B. Adjudge, determine, and decree that, as to the Real Property, described in paragraph 17 above, the United States' tax liens are prior and superior to the liens and claims of the other parties to this action;

C. Adjudge, determine, and decree that the federal tax liens that encumber the Real Property described in paragraph 17, above be foreclosed;

D. Order that the Real Property, described in paragraph 17 above, be SOLD and that the proceeds from the sale be DISTRIBUTED as follows: first, to reimbursement of the costs of the sale; second, to the United States to be applied toward the Taxpayer's 2000–2003 tax liabilities; and, thereafter, in accordance with the Court's determination of the relative priority among parties with an interest in the Real Property;

E. Award to the United States of America its attorney's costs and fees incurred in prosecuting this action; and

F. Grant such other and further relief as this Court deems appropriate.

DATED: July 12, 2012.

ZANE D. MEMEGER
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General, Tax Division

CLAIRE H. TAYLOR
Trial Attorney, Tax Division
Wisconsin Bar No. 1079812
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-1427
Fax: (202) 514-6866
Email: Claire.H.Taylor@usdoj.gov