IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-4057 |
| | ) | |
| MICHAEL DENNENY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY
JUDGMENT AND ORDER OF SALE**

Upon consideration of the United States' Motion for Summary Judgment, good

cause appearing, it is hereby ORDERED that:

1.    The United States' motion is GRANTED and judgment shall be entered, as

specifically set forth below.

2.    The United States has valid, subsisting, and enforceable liens against the

real property located at 4900 Horseshoe Pike, Downingtown, Pennsylvania ( the "Real

Property").

3.    The Court further ORDERS that the Real Property, more particularly

described as:

> ALL THAT CERTAIN tract of land situated in the Township of Caln,
> County of Chester, Commonwealth of Pennsylvania, bounded and
> described according to a survey made August 22, 1966 by DeArmit and
> Hayes.  Consulting Engineers and Surveyors as follows:
>
> > BEGINNING at a point on the centerline of Route #322 Horseshoe
> > Pike (120 feet wide) a corner of land belonging to Sanuel Yost;
> > thence leaving said centerline and along the land belonging to

Samuel Yost South 1 degree East 279.14 feet to an iron pin a corner of land remaining of the Grantor herein; thence along the same North 79 degrees 01 minute West, 100 feet to an iron pin a corner of land belonging to the Grantor herein; thence along the same North 1 degree West 279.14 feet to a point on the aforesaid centerline of Route #322; thence along the same South 79 degrees 01 minute East 100 feet to the first mentioned point and place of beginning

be sold under 28 U.S.C. §§ 2001 and 2002, to satisfy those liens, as follows:

1.   The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale and to sell the Property.

2.   The terms and conditions of the sale are as follows:

a.  The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

b.  The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

c.  The PALS shall announce the date and time for sale;

d.  Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Chester County, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate.  The notice shall contain a description of the property and shall contain the terms and conditions of sale in this Order of Sale;

E.  The PALS shall set the minimum bid.  If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms

2

and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

      f.  At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of Pennsylvania, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale.  Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement.  No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

      g.  The successful bidder(s) shall pay the balance of the purchase price for the Property within sixty (60) days following the date of the sale.  The certified or cashier's check payable to the United States District Court for the Eastern District of Pennsylvania shall be given to PALS who will deposit the funds with the clerk of this Court.   If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Michael Denneny at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury."  The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

      h.  The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's interest bearing registry account for distribution pursuant to further Order of this Court.

      i.  The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying the Property to the purchaser.  On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

      j.  When this Court confirms the sale, the Recording Official of Chester County,  shall cause transfer of the Property to be reflected upon that county's register of title.  The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

      k.  The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

    3.  Until the Property is sold, Robert Thomas shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property.  He shall neither commit waste against the Property nor cause or permit anyone else to do so.  He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so.  The defendant shall not record any instruments,

publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Property 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk of the Clerk for the Eastern District of Pennsylvania and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

5. The United States has an interest of $118,596.56 as of May 27, 2013, plus lien costs and statutory interest and additions accruing on that amount. Any other

defendant wishing to claim an interest in the sale proceeds must submit to the Court evidence of its claim, the amount, and the priority of its claim within 45 days from the entry of this Order.

6. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7. After the Court confirms the sale, and absent any showing to the contrary, the sale proceeds deposited with the Clerk of this Court shall be distributed in the following order of priority:

a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court.

b. Second, to plaintiff United States of America for application to the unpaid federal tax assessments made against Michael Denneny for the 2001-2003 tax periods, including all accrued statutory penalties, additions, and interest;

c. Third, to Robert Thomas.

Signed this ____18th____ day of ___December___, 2013

UNITED STATES DISTRICT JUDGE.

ENTERED
DEC 18 2013
CLERK OF COURT

3